SUMMARY ORDER
Plaintiff-appellant Smartix International Corporation (“plaintiff” or “Smartix”) appeals from a September 30, 2008, 2008 WL 4444554, judgment of the District Court dismissing plaintiffs complaint. On appeal, plaintiff argues that the District Court erred in dismissing plaintiffs RICO and RICO conspiracy claims alleging that defendants-appellees, MasterCard International LLC, MasterCard International Incorporated, and Eric Petrosinelli (collectively “defendants”) conspired to steal Smartix’s proprietary information as insufficiently pleaded. We assume the parties’ familiarity with the facts and procedural history of this case.
We review a district court’s dismissal of a complaint pursuant to Rule 12(b)(6) de novo, “construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiffs favor.” Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir.2002); see also ATSI Commc’ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir.2007). Although a complaint need not make detailed factual allegations, a plaintiffs complaint must provide “more than labels and conclusions, and a formulaic recitation of the elements of a cause of action.” Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Under Twombly (and confirmed by Ashcroft v. Iqbal, — U.S. —, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)), Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff allege in its complaint “enough facts to state a claim to relief that is plausible on its face.” Twombly, 550 U.S. at 570, 127 S.Ct. 1955. To meet this standard, plaintiffs must “nudge[] their *466 claims across the line from conceivable to plausible.” Id.
“[I]n order to establish a RICO violation under § 1962(e), a plaintiff ... must allege and prove four elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.” City of N.Y. v. Smokes-Spirits.com, Inc., 541 F.3d 425, 439 (2d Cir.2008) (quotation marks omitted). To survive a motion to dismiss, a plaintiff must sufficiently plead each of these elements to meet the standards set forth in Twombly and Iqbal. Smokes-Spirits.com, Inc., 541 F.3d at 439. Thus, if we conclude that the District Court properly found that the complaint failed to sufficiently plead at least one element of a RICO violation, then we will affirm the order of the District Court.
The RICO statute defines an “enterprise” as “any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity.” 18 U.S.C. § 1961(4). To demonstrate an “association-in-fact” enterprise, as Smartix alleges, a plaintiff must allege facts showing the existence of a “group of persons associated together for a common purpose of engaging in a course of conduct.” United States v. Turkette, 452 U.S. 576, 583, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981); see also First Capital Asset Mgmt., Inc. v. Satinwood, 385 F.3d 159, 173 (2d Cir.2004). There must also be a “nexus ... between the enterprise and the racketeering activity that is being conducted.” First Capital, 385 F.3d at 174.
Although Smartix alleges that defendants conspired over a two-and-a-half year period beginning in 2001, Smartix’s amended complaint fails to establish the existence of RICO enterprise in 2001 or 2002. Before the alleged “secret meeting” that took place in February 2003 when defendants allegedly agreed to steal Smartix’s proprietary source code, Smartix alleges only that Petrosinelli, in his capacity as marketing executive at Smartix, “hit it off’ with MasterCard and MBNA representatives and then “solidif[ied] his relationship [with] MBNA and MasterCard.” J.A. 264-65. That a marketing executive developed a strong relationship with his employer’s major clients does not establish a RICO enterprise.
Furthermore, Smartix fails to establish that there was a nexus between the enterprise and the racketeering conduct. Assuming that there was an enterprise in 2001 and 2002, the only racketeering activity in furtherance of their conspiracy was Petrosinelli’s alleged wire fraud in June 2001. Again, even assuming that Petrosinelli illegally obtained access to Smartix’s proprietary information in June 2001 and began transmitting it to his personal computer in Connecticut, Smartix fails to plausibly allege that this activity was at the behest of MBNA or MasterCard. Without a plausible allegation connecting the alleged racketeering activity with the enterprise, Smartix failed to plead sufficient facts to establish a plausible RICO violation. Thus, we conclude that the District Court did not err in dismissing Smartix’s amended complaint.
CONCLUSION
For the reasons stated above, the judgment of the District Court is AFFIRMED.